THE STATE, EX REL. HALPIN, *v.* HAMILTON COUNTY
BOARD OF ELECTIONS ET AL.

(No. 7869—Decided March 9, 1954.)

*Mr. Harry M. Hoffheimer, Mr. Sidney J. Weil, Jr.,*
and *Mr. Robert S. Marx,* for relator.
*Mr. C. Watson Hover,* prosecuting attorney, *Mr.
Carl B. Rubin* and *Mr. George S. Heitzler,* for respondents.

*Per Curiam..* By original petition in mandamus, relator seeks to compel the Hamilton County Board of Elections to accept relator's declaration of candidacy and petition for candidate, and to certify his name to be printed upon the official Democratic Party primary election ballot, as a candidate for the office of member of the county central committee from the 26th ward in the city of Cincinnati, to be voted upon at the primary election to be held May 4, 1954.

On January 29, 1954, relator tendered to and filed with the respondent board his declaration of candidacy and petition for candidate, as executed by him upon a printed form supplied by respondent board, containing declaration of candidacy, party primary election for member of county central committee, followed by petition for candidate containing a form of certificate to be signed by the circulator of such petition.

Following the line for signature of the candidate to the declaration, the printed form of verification provided:

"The state of Ohio, County of ......, ss.

".................., being duly sworn, deposes
(Name of candidate)

and says that he is the candidate named in the above declaration of candidacy and that the statements and declarations therein contained are true as he verily believes.

"..................................
(Signature of candidate)

"Subscribed and sworn to before me this .... day of ...................., 19....

"..................................
(Signature of officer administering oath)"

Relator executed that verification as follows:

"State of Ohio, County of Hamilton, ss.

"William R. Schumacher, being duly sworn, deposes and says that he is the candidate named in the above declaration of candidacy and that the statements and declarations therein contained are true as he verily believes.

"(signed)      Vincent Halpin
(Signature of candidate)"

On February 8, 1954, relator was notified by respondent as follows:

"Please be advised that at a meeting of the board of elections held February 8, 1954, your declaration of candidacy and petition for the office of member of the democratic county central committee was rejected because the name of William R. Schumacher appears as being sworn on the declaration of candidacy instead of the name of candidate."

In spite of the obviously defective verification, relator contends the form as executed fully complies with the law, so that no discretion is vested in the board, but

only a ministerial duty remained to accept the filing and certify the printing of the relator's name upon the party primary ballot, which duty is enforceable in mandamus. Or, in the alternative, the refusal of the board to accept the filing and act favorably upon it amounts to an abuse of discretion, for which the remedy of mandamus will lie.

Section 3501.11, Revised Code, provides, *inter alia*, that boards of elections shall perform all the duties imposed by law, and shall "(K) Review, examine and certify the sufficiency and validity of petitions and nomination papers."

Elections belong to the political branch of the government, so that provisions for the conduct thereof are well within the legislative power, and respondent in determining the sufficiency of relator's filing was acting in a political rather than a judicial capacity.

The well-settled general rule is that the courts have no authority to control the actions, conclusions, or determinations of boards of elections, except in cases of fraud, mistake, or an abuse of discretion.

There is no claim of fraud or corruption in this case.

The function of the court in this case is to determine whether the administrative board has performed its duty under the law. The only possible basis for judicial intervention is that the board flagrantly misinterpreted the statute, or clearly disregarded an applicable legal provision.

We find that the board was regarding the applicable statute and construed and applied its provisions in accord with its clear intent.

The burden of fully complying with the election laws rests upon the relator. The statute requires a verification of the declaration. Upon examination by the board, relator's filing revealed no such verification. Another person's name, that of the notary, appears as swearing and deposing to the verification signed by

relator and then notarizing his own oath and deposition. Relator's filing is without the verification required by law. How could the board do otherwise?

In *State, ex rel. Burgstaller, v. Franklin County Board of Elections,* 149 Ohio St., 193, 197, 78 N. E. (2d), 352, it is stated:

" 'Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.'

"There is no claim of fraud or corruption in this case, and the only possible basis for judicial intervention would be that the board flagrantly misinterpreted the statute, or clearly disregarded an applicable legal provision. In our opinion, the board took cognizance of the applicable statute and did not disregard it, but, on the contrary, construed and applied it in accordance with its natural and fundamental meaning, thereby fully performing the act which the law specially enjoins as its duty.

"We hold, therefore, that because the relator has not established a clear, legal right to the issuance of a writ of mandamus, the demurrer is sustained and the writ denied."

As in the above cited case, we hold relator has not established a clear, legal right to the issuance of a writ of mandamus, and the same is, therefore, denied.

*Writ denied.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.